UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MICHAEL RODRIGUEZ, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> PHYSICIAN LABORATORY SERVICES, § <br> LLC, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 7:13-CV-622 |

## ORDER

The Court now considers the self-styled "Plaintiffs' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted and Rule 12(f) Motion to Strike Defendants' Affirmative Defenses,"[1] filed by the plaintiffs in this conditionally certified class action. Physician Laboratory Services, LLC; MCT Group I, LLC; Noe R. Medina; and Maria E. Gonzalez-Salinas ("Defendants") have not responded.

After considering the motion, record, and relevant authorities, the Court **GRANTS** the motion to dismiss as applied to the affirmative defense of "statutory limits," and **GRANTS** the motion to strike as to the affirmative defense of failure to mitigate and the prayer for attorneys' fees, but **DENIES** the motion to dismiss as to the "good faith defense."

### I. Background

On November 14, 2013, Michael Rodriguez, for himself and others similarly situated, filed suit in this Court, alleging that Defendants had failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA").[2] Defendants filed four separate but identical

---

[1] Dkt. No. 20.
[2] Dkt. No. 1.

answers on December 18, 2013.[3] The answer includes a section invoking three affirmative defenses, which reads in full:

"1. Defendant would invoke the statutory limit contained in all statutes relevant to this case and all other defenses therein.
2. Defendant would invoke the "good faith defense" and ask that Plaintiff be barred from recovering any liquidated damages.
3. Further, Defendant would show that Plaintiff's claims, if any, were caused by the Plaintiff's failure to mitigate his own alleged damages."[4]

In the prayer for relief, Defendants request "that Defendants recover their costs, including attorney's fees . . . ."[5]

Plaintiffs now ask that these affirmative defenses be dismissed, and that the request for attorney's fees be struck. The Court will first explain the relevant legal standards for the motion to dismiss and the motion to strike, and then turn to the three defenses and the request for fees.

## II.   Standards for the Motion to Dismiss and the Motion to Strike

*Fair Notice or Plausibility?*

The standards for a motion to dismiss are based upon the standards for pleading. The standards for pleading a motion to dismiss come from Federal Rule of Civil Procedure 8(c), which provides that "a party must affirmatively state any avoidance or affirmative defense[.]"

The Fifth Circuit interpreted Rule 8(c) in *Woodfield* as establishing a "fair notice" pleading standard, a standard that at the time meant "[a]n affirmative defense is subject to the same pleading requirements as is the complaint."[6] However, in 2007 and 2009, the Supreme Court altered the landscape of complaint pleading standards in *Twombly* and *Iqbal*, respectively.[7]

---

[3] Dkt. Nos. 7-10. In the interests of simplicity, the Court will cite to Dkt. No. 10.
[4] Dkt. No. 10 at p. 3.
[5] *Id.*
[6] Woodfield v. Bowman, 193 F.3d 354, 362 (5th. Cir. 1999).
[7] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Plaintiffs now argue that those heightened pleading standards should apply to affirmative defenses.

The Fifth Circuit has revisited the fair notice standard several times since *Iqbal/Twombly*, on each occasion using the standard to stand for the policy that "a defendant does not waive an affirmative defense if it is raised at a pragmatically sufficient time."[8] This narrow use of the "fair notice" standard does not directly clarify pleading standards for affirmative defenses, and as a result has engendered inconsistent district court decisions. While most courts in this circuit continue to apply the fair notice standard to affirmative defenses, some apply the heightened *Iqbal/Twombly* standards.[9]

However, the Court finds that multiple differences between Rules 8(a) and 8(c) justify different pleading standards for complaints and affirmative defenses, as another court has ably summarized:

> "(1) textual differences between Rule 8(a), which requires that a plaintiff asserting a claim show entitlement to relief and Rule 8(c), which requires only that a defendant state any defenses; (2) a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery; (3) the absence of a concern that the defense is unlocking the doors of discovery; (4) the limited discovery costs, in relation to costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses; (5) the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint, while plaintiff has until the expiration of the statute of limitations; (6) the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted; the risk that a defendant will waive a defense at trial by failing to plead it at the early stage of the litigation; (8) the lack of detail in Form 30, which demonstrates the appropriate pleading of an affirmative defense; and (9) the fact that

---

[8] Pasco ex rel. Pasco v. Knoblauch, 566 F.3d 572, 577 (5th Cir. 2009). *See also, e.g.,* Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co., 612 F.3d 394, 398 (5th Cir. 2010); Cook v. Admiral Ins. Co., 438 F. App'x 313, 319 (5th Cir. 2011); ARV Offshore Co., Ltd. v. Con-Dive, L.L.C., 514 F. App'x 524, 527 (5th Cir. 2013); Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C., 2013 WL 5701065 (5th Cir. 2013).

[9] *See, e.g.,* United States v. Brink, 2011 WL 835828 (S.D. Tex. Mar. 4, 2011); Vargas v. HWC Gen. Maint., LLC, 2012 WL 948892 (S.D. Tex. Mar. 20, 2012).

a heightened pleading requirement would produce more motions to strike, which are disfavored."[10]

Moreover, the appellate court has said that Rule 8(c) primarily ensures the defendant cannot "lie behind a log" to ambush the plaintiff with an unexpected defense,[11] a policy which does not support heightened pleading standards.[12] For these reasons, the Court will apply the fair notice standard to a Rule 12(b)(6) motion to dismiss an affirmative defense. Under the fair notice standard, "[a] defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[13]

*Standards for Rule 12(f)*

An affirmative defense may be addressed under Rule 12(b)(6), but also under Rule 12(f). Rule 12(f) provides that a court, acting *sua sponte* or on motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[14] "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."[15]

### III.     The Affirmative Defenses and the Request for Costs

Having examined and articulated the standards applicable to motions to dismiss and motions to strike, the Court will now apply those standards to the case at hand.

*Statutory Limit*

---

[10] Bayer CropScience AG v. Dow AgroSciences LLC, CIV. 10-1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011). *See also* Deniece Design, LLC v. Braun, 953 F. Supp. 2d 765, 775 (S.D. Tex. 2013); Utrera v. Kraftsmen Bakers Ltd., 4:13-CV-01458, 2013 WL 6176577 (S.D. Tex. Nov. 25, 2013).
[11] Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008).
[12] For a different line of reasoning, *see* Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("Applying the same [heightened] standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.").
[13] *Rogers* at 385.
[14] FED.R.CIV.P. 12(f).
[15] Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982).

In their first affirmative defense, Defendants seek to "invoke the statutory limit contained in all statutes relevant to this case and all other defenses therein."[16] This pleading fails even the lenient fair notice standard. The meaning of "the statutory limit" cannot be discerned, as Defendants could be seeking to limit damages, time to bring suit, or any other matter contained in the statute. Further, by pleading "all other defenses therein", Defendants fail to plead with "specificity or factual particularity" sufficient to avoid the possibility of unfair surprise. Therefore, the Court **DISMISSES** this pleading.

*Good Faith*

In their second affirmative defense, Defendants seek to "invoke the 'good faith defense' and ask that Plaintiff be barred from recovering any liquidated damages."[17] This pleading barely scrapes over the fair notice standard. Only someone already familiar with the Fair Labor Standards Act would recognize the "good faith defense," since Defendants did not take the effort to cite the relevant portion of the code.[18] Nevertheless, this pleading gives Plaintiff fair notice of the nature of the defense, and avoids an unfair surprise with an unexpected defense. As a result, the Court **DENIES** the motion to dismiss the affirmative defense of good faith.

*Failure to Mitigate*

In their third affirmative defense, Defendants aver that "Plaintiff's claims, if any, were caused by the Plaintiff's failure to mitigate his own alleged damages."[19] The Court may deal with this defense briefly. Defendants cited to no section of the statute placing a duty to mitigate on underpaid employees, and in fact courts routinely find as a matter of law that the FLSA does not

---

[16] Dkt. No. 10 at p. 3.
[17] Dkt. No. 10 at p. 3.
[18] 29 U.S.C. § 259(a).
[19] Dkt. No. 10 at p. 3.

require employees to mitigate damages.[20] This fact should not surprise Defendants. It would be odd, for instance, to require underpaid employees to work extra hours to offset unpaid wages.

Because the FLSA does not require employees to mitigate overtime wages, the Court **STRIKES** Defendants' affirmative defense of failure to mitigate.

*Attorney's Fees*

Finally, Defendants request to "recover their costs, including attorney's fees,"[21] but here again cite to no portion of the statute authorizing the grant of attorney's fees to victorious defendants. Nor do Defendants attempt to articulate a rationale for threatening underpaid employees with attorney's fees and court costs in the event of a failed lawsuit. To the contrary, the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded *to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid *by the defendant*, and costs of the action."[22]

Because the FLSA makes the possibility of attorney's fees to defendants conspicuous by its absence, the Court **STRIKES** this request for relief.

**IV. Holding**

The Court **GRANTS** the motion to dismiss as to the defense of "statutory limits," **STRIKES** the affirmative defense of failure to mitigate and the prayer for attorneys' fees, but **DENIES** the motion to dismiss as to the "good faith defense."

---

[20] *See, e.g.,* Coffin v. Blessey Marine Servs., Inc., 2011 WL 2193378 (S.D. Tex. June 6, 2011); Tran v. Thai, 2010 WL 5232944 (S.D. Tex. Dec. 16, 2010). *See also* King v. ITT Educ. Servs., Inc., 2009 WL 3583881, at *3 (M.D.Fla. Oct.27, 2009); Gonzalez v. Spears Holdings, Inc., 2009 WL 2391233, at *3 (S.D.Fla. July 31, 2009); Lopez v. Autoserve LLC, 2005 WL 3116053, at *2 (N.D.Ill. Nov.17, 2005); Perez–Nunez v. North Broward Hosp. Dist., 2009 WL 723873, at *2 (S.D.Fla. Mar.13, 2009).
[21] Dkt. No. 10 at p. 3.
[22] 29 U.S.C.A. § 216 (emphasis added).

IT IS SO ORDERED.

DONE this 4th day of March, 2014 in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE